**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 18 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

FIRST MARINE INSURANCE
COMPANY,

    Plaintiff-Appellee,

v.

JIM D. SCOTT; BRENDA SCOTT;
BANCFIRST, sued as: City Bank and
Trust Company of Oklahoma City,
now Bancfirst, f/k/a City Bank and
Trust Company of Oklahoma City,

    Defendants-Third-Party-
    Plaintiffs-Appellants,

v.

STEVE YOUNG,

    Third-Party-Defendant-
    Appellee.

No. 99-5163
(D.C. No. 97-CV-113-E)
(N.D. Okla.)

ORDER AND JUDGMENT  *

Before **BRORBY, PORFILIO,**   and **MURPHY** , Circuit Judges.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This appeal presents a boat insurance issue arising in a declaratory judgment action. Defendants the Scotts bought a boat costing approximately $157,000, but bought insurance only for $85,000, the amount they borrowed from defendant Bancfirst. During a windstorm on Grand Lake in Oklahoma, the boat sustained approximately $72,000 in damage which, the Scotts say, was mostly cosmetic damage. The Scotts filed a claim on their insurance policy, and First Marine informed them that the loss plus the boat's estimated $50,000 salvage value exceeded the stated value of the boat, $85,000, and that, under the policy language, it could pay the policy limits and take the boat as salvage to offset its loss on the claim.

First Marine filed this declaratory judgment action to determine its liability. The Scotts, in turn, sued their insurance agent, Steve Young. They argued that Mr. Young: (1) had told them that the boat would be self-insured for any loss greater than $85,000; (2) never gave them a copy of the policy with the salvage provision in it before they bought it; and (3) admitted after this problem arose that he did not understand the salvage provision.

The district court issued three orders, issuing its first decision in response to cross-motions for summary judgment from First Marine and the Scotts and Bancfirst. The court held that the policy language supported First Marine's view of the case and that First Marine was entitled to summary judgment. The court was not persuaded by the Scotts' argument that the agent's letter confirming that the boat was underinsured affected the valuation provision of the policy, which ties First Marine's rights and obligations to the amount of insurance on the declarations page, not the value of the boat. It was also not persuaded by the Scotts' argument that the term "salvage" was ambiguous and should be construed against First Marine. It held that the Scotts were urging a different definition than the ordinary use of the word, and that its cases were inapposite. Finally, the court held that the Scotts were responsible for reading and knowing the terms of the policy.

In response to defendants' motion for clarification and for reconsideration, the district court issued its second decision. The court explained that a salvage value of as little as $15,000, added to the estimated repair cost of over $70,000, would reach the policy limit of $85,000. The court concluded, based on defendants' arguments rather than on evidence challenged by defendants as inadmissible hearsay, that the salvage value of the boat was at least $15,000. As

a result, the district court denied the Scott's motion for reconsideration of its prior decision that First Marine was entitled to summary judgment.

The district court issued its final decision in response to cross-motions for summary judgment from Steve Young and the Scotts and Bancfirst. The court held that Mr. Young was entitled to summary judgment on the Scotts' state-law fraud and negligence claims against him. It found that the evidence supported Mr. Young's view of the case, which was that the Scotts wanted insurance only for the bank's interest in the boat, and that is exactly what he obtained for them. The court rejected the Scotts' argument that Mr. Young had a duty to read and explain the policy to them. Considering that the evidence showed that the Scotts had the policy within days after the effective date and more than two years before the windstorm damaged their boat, the court held that they should have read the policy for themselves. The court found the cases the Scotts offered in support of their position to be inapposite. As a consequence of finding that Mr. Young had no duty to explain the policy to the Scotts, the court concluded that he was also not liable for constructive fraud or negligent misrepresentation.

On appeal, the Scotts argue that the district court erred in granting summary judgment in favor of First Marine and Steve Young, in denying the Scott's motion for partial summary judgment, and in denying the Scott's motion to reconsider. "We review a grant of summary judgment de novo, applying the same legal

standard as the district court." Myers v. Oklahoma County Bd. of County Comm'rs, 151 F.3d 1313, 1316 (10th Cir. 1998). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

We have carefully reviewed the district court's orders in light of the parties' briefs and the record on appeal. We find no error in the district court's reasoning. As First Marine points out, the Scotts are relying on principles of maritime law in cases arising under federal admiralty jurisdiction to make their argument about the definition of salvage. In the absence of an argument supported by facts showing that Grand Lake is navigable, these cases are inapplicable because admiralty jurisdiction cannot arise. See, e.g., LeBlanc v. Cleveland, 198 F.3d 353, 356 (2d Cir. 1999) (discussing Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 534 (1995)).

Therefore, for substantially the same reasons as those set forth in the district court's orders dated September 21, 1998, January 13, 1999, and July 12, 1999, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge